STATE EX REL. CURRIE, Plaintiff, vs. McCREADY, Assistant Superintendent of the Wisconsin State Reformatory, Defendant.

*April 15—June 12, 1941.*

*Lucius A. Squire* and *M. M. Morrissey,* both of Madison, for the plaintiff.

For the defendant there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

The following opinion was filed May 3, 1941:

FRITZ, J.   The following matters appear from the petition for writ of *habeas corpus* and the return filed thereto by C. W. McCready, assistant superintendent of the state reformatory.  William Currie, who was nineteen years of age on March 17, 1937, was duly convicted on that date in the superior court of Dane county and applied in writing to the court "(a) for suspension of sentence or (b) for a stay of

execution of sentence imposed." Thereupon the court entered judgment which, after reciting that Currie had made due application for suspension of sentence and that he be placed on probation "pursuant to the provisions of sec. 57.01 of the statutes," provided that the court sentenced him for a term of one to three years in the state reformatory, and suspended the sentence and placed him on probation to the state board of control for that term. Upon his violation of the conditions of his probation, the board of control on July 12, 1938, ordered the termination of his period of probation and that he be conveyed to the state reformatory to serve the sentence imposed upon him by the court. Pursuant to this order Currie was imprisoned in the state reformatory on July 22, 1938. On December 11, 1939, he was released on parole which was revoked on September 24, 1940, by the department of public welfare, and it then ordered that he be returned to the state reformatory and kept there until discharged by due process of law. According to the reformatory's records, Currie's term of sentence was considered to have commenced on July 22, 1938, and on the basis of his present good time status he will be discharged May 9, 1941.

Currie claims that his imprisonment and detention subsequent to July 22, 1938, and more particularly since March 17, 1940, in the reformatory and on parole, is without the due process of law and contrary to sec. 8, art. I, Wis. Const., and the Fourteenth amend., sec. I, U. S. Const., in that his imprisonment was not by virtue of the final order or judgment of any competent tribunal of civil or criminal jurisdiction or an execution issued upon such an order or judgment; and that his imprisonment is solely by virtue of orders made under the alleged authority of sec. 57.01, 57.03, or 57.05, Stats., by the state board of control and the department of public welfare, neither of which is a competent tribunal having jurisdiction to issue an order of imprisonment or

detention against Currie. In support of these claims it is contended that because he was a minor when convicted on March 17, 1937, there was applicable to him on his application to be placed on probation the provision in sec. 57.05 (1), Stats., that—

"the court in its discretion may suspend sentence and place such minor under the guidance and control of the state board of control as in the case of an adult;"—

and that under this provision the court was not authorized to impose sentence and then stay the execution thereof. It is claimed in this connection that there is a material difference between the authorization under the terms in the provision in sec. 57.05 (1), Stats., which are that "the court . . . may *suspend sentence* and place such minor" on probation, and the authorization in relation to adults under the terms in the provision in sec. 57.01 (1), Stats., which are that the "court may . . . *suspend* the *judgment* or *stay* the *execution* thereof" and place the defendant on probation. These contentions cannot be sustained.

The term "suspend sentence" implies that there has been imposed a sentence as to which there can then be a suspension by the court of the sentence imposed. There is obviously no occasion to suspend sentence unless and until there is in effect and operative a sentence which has been imposed. The definition of the word "suspend" is in part as follows:

"To interrupt; to cause to cease for a time; to stay, delay, or hinder; to discontinue temporarily, but with an expectation or purpose of resumption. . . . To postpone, as a judicial sentence. . . . To stay, as a decree;—not synonymous with vacate." Black's Law Dictionary (3d ed.).

Consequently, in view of the meaning and effect of the term "suspend sentence," as used in sec. 57.05 (·1), Stats., the procedure authorized thereby is evidently intended to be substantially the same as the procedure authorized by the

use of the terms "suspend the judgment or stay the execution thereof," in sec. 57.01 (1), Stats. Moreover, that the procedure in respect to suspending sentence and placing on probation was intended to be substantially the same under sec. 57.05 (1), Stats., relating to minors, as the procedure under sec. 57.01 (1), Stats., which relates to adults, is indicated also by the concluding phrase "as in the case of an adult" which is part of the above-quoted provision in sec. 57.05 (1), Stats. It follows that no error in procedure was committed by the court in first sentencing Currie on March 17, 1937, and then suspending the sentence upon placing him on probation.

But even if an error in procedure had been committed by the court in entering judgment in that manner, the provision imposing the sentence would have been merely erroneous and not a jurisdictional defect, and consequently the question as to such error could have been raised by appeal or writ of error. As the writ of *habeas corpus* is not intended to perform the office of an appeal or writ of error, it cannot be resorted to for the purpose of reviewing orders or judgments which are merely erroneous, and on *habeas corpus* nothing will be investigated except jurisdictional defects or illegality because of the want of any legal authority for the detention or imprisonment. *Larson v. State ex rel. Bennett,* 221 Wis. 188, 266 N. W. 170.

In support of Currie's claim that his imprisonment subsequent to July 22, 1938, has been illegal, it is contended that, inasmuch as Currie was a minor when convicted, neither the board of control nor the department of public welfare was authorized to order that he be imprisoned in the reformatory; and that therefore their orders of July 12, 1938, and September 24, 1940, respectively, are null and void. This contention must be sustained.

As Currie was a minor when he was convicted, the procedure applicable to sentencing and placing him on probation

and to the revocation of his probation and imprisonment because of his violation of conditions of his probation was the procedure prescribed by sec. 57.05, Stats. Sub. (2) thereof reads:

"*Such minor* may be returned *to such court* on the original charge for sentence, at any time within such period of probation; and upon the expiration of such period, he may be sentenced, discharged, or continued under probation for an additional period to be then fixed *by the court,* subject to like return, discharge, sentence, or further probation thereafter."

In view of these provisions, upon Currie's violation of the conditions of his probation, the board of control could but return him to the court which had sentenced and placed him on probation, and upon the expiration thereof by reason of his violation he could have been "sentenced, discharged, or continued under probation for an additional period to be then fixed by the court." On the other hand, because of the procedure thus expressly prescribed in relation to minors, there were inapplicable in Currie's case the provisions in sec. 57.03 (1), Stats., which authorize the board of control, in the case of an adult who had been convicted and placed on probation and violated the conditions thereof, to either order him to be returned to the court, or, if he was already sentenced to any penal institution, to "order him to be imprisoned in said institution." As no such alternative action is authorized under sec. 57.05 (2), Stats., in the case of a minor, it follows that the orders of July 12, 1938, and September 24, 1940, committing Currie to the reformatory to serve his sentence were unauthorized and that therefore he is entitled to be discharged from imprisonment thereunder. The order of September 24, 1940, was unauthorized because at the time of his parole he was not lawfully confined.

*By the Court.*—It is ordered and adjudged that upon the writ of *habeas corpus* issued herein William Currie be forth-

148

with discharged from imprisonment in the Wisconsin state reformatory.

FOWLER and NELSON, JJ., took no part.

A motion for a rehearing was denied, without costs, on June 12, 1941.