Vincent A. Lupiano, J.
The petitioners, pursuant to article 78 CPLR, seek relief in the nature of prohibition restraining the respondent court (Family Court) from conducting further proceedings against the petitioning infant, upon a claim that former jeopardy is a bar to a subsequent hearing. Relief .pursuant to article 78 CPLR is an appropriate remedy upon such claim (Matter of Kraemer v. County Court, 6 N Y 2d 363; Matter of Mack v. Court of General Sessions, 14 A D 2d 98). Movant has properly sought such relief here (CPLR 506, subd. [b]).
The infant petitioner was charged with the commission of an act which would be a crime if committed by an adult. A fact-finding hearing was commenced thereon and there was a failure of proof when the complaining witness admitted she could not identify the infant. The record submitted establishes that there may have been a witness who might have supplied the necessary identification, but that the witness did not appear and indicated that he would not obey a subpoena to compel his attendance. In addition, it appears that the court viewed, but without the objection of the attorney for the infant petitioner, probation reports and other records concerning a prior ‘ ‘ Person in Need of Super *105 vision ” petition brought by the infant petitioner’s mother. Thereupon, the court declared a mistrial and set the case down for a new hearing upon the expressed grounds “ because of failure of necessary witness to respond to subpoena and because of Judge’s perusal of other records of respondent ” (the infant petitioner herein).
The unsuccessful hearing (tantamount to a trial) is a bar to subsequent prosecution for the same acts. The constitutional safeguards against successive trials for the same offense form a cornerstone of our jurisprudence and may be invoked by the young who face institutionalization as well as by adults subject to incarceration (Matter of Gault, 387 U. S. 1; Matter of Aaron D, 30 A D 2d 183). In a proper case, procedural requirements in a criminal action might be modified to allow the Family Court of the State of Few York to exercise its expertise in handling problems concerning the young or to provide professional assistance to resolve underlying problems affecting their lives. However, there is no legal reason which would warrant permitting successive trials until such time as the Trial Judge is satisfied that there is a sufficient quantum of proof to sustain a finding againt an infant.
Moreover, the viewing by the Judge of other court records concerning the infant petitioner was in no manner prejudicial to his cause. Fot only did petitioner’s counsel voice no objection to the perusal in the course of the court’s discussion of a possible further adjournment of the hearing, but the said attorney actually furnished some of said records himself. Furthermore, the probation report involved did not concern the allegations of the petition before the court. In addition, the Judge stated on the record that, without any further witnesses for the prosecution, the petition would have to be dismissed for lack of clear identification. Accordingly, there was no manifest necessity or good cause shown as the basis for a mistrial and for causing the infant petitioner substantial prejudice by placing him in jeopardy again. At the most, the matter might have been adjourned once more to afford the complainant or the court an added opportunity to secure the attendance of the claimed witness, or pending final disposition of the previous “ Person In Need of Supervision ” petition, but it was manifestly improper to declare a mistrial under the circumstances here presented.
For the reasons stated, the petition is granted, and respondents are permanently stayed from conducting any further proceedings upon the complaint and petition of Mary A. Stokes, Docket No. D —■ 2610/68.