491 P.2d 81 (1971)
The PEOPLE of the State of Colorado In the Interest of G. D. K., a child, Petitioner-Appellant,
v.
G. D. K., a child, J. K., Jr., father, L. M. K., mother, Respondents-Appellees.
No. 71-104.
Colorado Court of Appeals, Div. II.
August 31, 1971.
Rehearing Denied October 5, 1971.
Certiorari Denied December 6, 1971.
Jarvis W. Seccombe, Dist. Atty., Coleman M. Connolly, Deputy Dist. Atty., Denver, for petitioner-appellant.
Rollie R. Rogers, Colorado State Public Defender, Ruth Gartland, Deputy State Public Defender, Denver, for respondentsappellees.
Selected for Official Publication.
DWYER, Judge.
In a petition filed in the Juvenile Court of the City and County of Denver under the Colorado Children's Code, G.D.K., a minor child aged 16, was alleged to be a delinquent. The petition was grounded on the allegation that G.D.K., on July 13, 1970, committed an assault and battery in violation of C.R.S. 1963, 40-2-35. This charge was denied by the minor, and a jury was empaneled to try the case. At the close of the evidence presented by the People, the court ruled that the evidence presented was not sufficient to sustain the allegations of *82 the petition and entered a judgment of acquittal.
This case is moot. Although proceedings under the Colorado Children's Code are civil in nature, a respondent child in such proceedings is entitled to certain of the constitutional safeguards which are afforded in criminal prosecutions. See People v. J. A. M., Colo., 483 P.2d 362; In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L. Ed.2d 368; In re Gault, 387 U.S. 1, 87 S. Ct. 1428, 18 L.Ed.2d 527; Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed. 2d 84. G.D.K. has been acquitted of the charge contained in the petition and cannot again be put in jeopardy for this offense. Colo.Const. Art. II, Sec. 18.
The People, however, on this appeal, ask this court to review the judgment of acquittal and to disapprove of such judgment.
Appellate courts traditionally limit their jurisdiction to consideration of actual controversies and refuse to give opinions on moot questions or abstract propositions. Lehrman Mercantile Co. v. Ireland, 93 Colo. 209, 24 P.2d 750; People ex rel. Holden v. Hall, 45 Colo. 303, 100 P. 1129. An exception to this rule is created by C.R. S. 1963, 39-7-26(2), which provides for appeal on behalf of the people to review decisions of trial courts on questions of law arising in criminal cases. Such statutory review is not here available because this proceeding in delinquency is not a criminal case. I. R. v. People, Colo., 464 P.2d 296; People ex rel. Rodello v. District Court, 164 Colo. 530, 436 P.2d 672; People ex rel. Terrell v. District Court, 164 Colo. 437, 435 P.2d 763.
Our Supreme Court recently stressed this distinction and held that C.A.R. 4.1, which authorizes certain interlocutory appeals in criminal cases, had no application to delinquency proceedings, and that neither the state nor the respondent could prosecute interlocutory appeals in delinquency proceedings. People v. P. L. V., 172 Colo. 269, 472 P.2d 127.
We therefore decline to review the judgment of the trial court on the ground that the case is moot.
Appeal dismissed.
SILVERSTEIN, C. J., and COYTE, J., concur.