## No. 25216.

THE PEOPLE OF THE STATE OF COLORADO *v.* IN THE INTEREST OF P.L.V., A CHILD AND CONCERNING C.W.V. AND O.M.V.
(490 P.2d 685)

Decided November 15, 1971.

Robert R. Gallagher, Jr., District Attorney, Eighteenth Judicial District, Marylin F. Withers, Deputy, James F. Macrum, Jr., Deputy, John A. Topolnicki, Jr., Deputy, for appellant.

Rollie R. Rogers, State Public Defender, J. D. Mac-Farlane, Chief Deputy, Edward G. Donovan, Deputy, for appellee.

*In Department.*

Opinion by Mr. Justice Groves.

This is an appeal by the People from an order of dismissal of a proceeding in juvenile delinquency. The appeal was lodged in the Colorado Court of Appeals, and was transferred to this court under the provisions of 1969 Perm. Supp., C.R.S. 1963, 37-21-9. We sustain the motion of the appellees to dismiss the appeal.

While the parents of the juvenile were on vacation, their home was burglarized. The parents believed that their son, aged 15 years, might have been involved. The juvenile had gone to California, and his father sent him money with which to return to Colorado by plane. The father informed the police of the boy's expected arrival. Upon his arrival, the boy was met by police officers who

took him to the juvenile section of their department. After the juvenile had been advised of his rights, his statement was taken in the presence of his parents.

1967 Perm. Supp., C.R.S. 1963, 22-2-2(3)(c) provides as follows:

"No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts which would constitute a crime if committed by an adult shall be admissib‘e in evidence unless a parent, guardian, or legal custodian of the child was present at such interrogation, and the child and his parent, guardian, or legal custodian were advised of the child's right to remain silent, that any statements made may be used against him in a court of law, the right of the presence of an attorney during such interrogation, and the right to have counsel appointed if so requested at the time of the interrogation."

■ The court granted a motion to suppress the statement. The People attempted to take an interlocutory appeal to this court, but in *People v. P.L.V.*, 172 Colo. 269, 472 P.2d 127 (1970), we ruled that an interlocutory appeal under C.A.R. 4.1 is not available in delinquency proceedings. Later, at the conclusion of a hearing on the merits, the trial court entered the order of dismissal by reason of lack of sufficient evidence.

The basis of this appeal is that the court erred in sustaining the motion to suppress. Counsel for the juvenile argues that the court was correct in that the interest of the parents was obviously adverse to the interests of the minor and, therefore, the parents were disqualified to act under the provisions of the above quoted statute.

■ In *People v. G.D.K.*, 30 Colo. App. 54, 491 P.2d 81, the People attempted to appeal a judgment of aquittal of a child charged with delinquency. The review was sought under the statute which provides for an appeal on behalf of the People to review decisions of trial courts on questions of law arising in criminal cases. C.R.S. 1963, 39-7-26(2). The Court of Appeals ruled that, for the

purposes of this statute, a proceeding in delinquency is not a criminal case. It dismissed the appeal as the case was moot. The district attorney here asks us to overrule *People v. G.D.K.*, which has been chosen for official publication under C.A.R. 35(f). This we decline to do.

■■ This appeal was made as an appeal of a civil case. However, we hold that a juvenile charged with delinquency is entitled to the same constitutional protection against double jeopardy as is a defendant in a criminal case. Colo. Const. art. II, § 17; Fifth Amendment to the United States Constitution applied under the Fourteenth Amendment; and *In The Application of Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). As was stated in *i T. v. Superior Court of Shasta County*, 93 Cal Rptr. 752, 482 P.2d 664 (1971):

"Juveniles are entitled to the fundamental protection of the Bill of Rights in proceedings that may result in confinement or other sanctions, whether the state labels these proceedings 'criminal' or 'civil.' "

■ The juvenile here has been in jeopardy. As a result, the question presented on this appeal is moot and, therefore, dismissal of the appeal is in order.

The district attorney argues that, although the question may be moot, it is of sufficient importance in principle to justify a review on the merits. He points out that, in requesting us to accept certification of the appeal, the Court of Appeals stated that there were involved a matter of significant public interest and legal principles of major significance. Although at the time it appeared that there was enough substance in the issue to justify certification of the matter to this court, we now hold that the question involved in the suppression order does not have that degree of public importance to justify review of a moot question.

Appeal dismissed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY and MR. JUSTICE ERICKSON concur.