519 P.2d 851

James W. COLEMAN, Petitioner,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA and the Honorable Robert B. Buchanan, Judge of the Superior Court, Respondents;

The STATE of Arizona, Real Party in Interest.

No. 11413.

Supreme Court of Arizona, In Banc.

March 13, 1974.

John M. Neis, Pima County Public Defender, Ed P. Bolding, Former Pima County Public Defender, Robert B. Norgren,

Asst. Public Defender, Tucson, for petitioner.

Dennis DeConcini, Pima Co. Atty., James M. Howard, Deputy Co. Atty., Tucson, for respondents and real party in interest.

LOCKWOOD, Justice:

This is a special action brought in this court by James Coleman against the Superior Court of Pima County. The real party in interest is the State of Arizona. The issue before this court is whether the petitioner may be tried as an adult after his release from the Arizona State Hospital where he had been committed by the Juvenile Court until his twenty-first birthday.

On September 12, 1968 a petition was filed in juvenile court alleging serious acts of deliquency on the part of the petitioner who was seventeen years and ten months of age at the time. The petition requested the court to adjudge and declare him to be a delinquent child. The petitioner was taken into custody at the detention facilities of the juvenile court center.

On November 27, 1968 the juvenile court entered an order specifically suspending criminal prosecution as it was "not necessary for the protection of society". In addition the court found that the petitioner was "mentally defective and disordered within * * * the meaning of A.R.S. § 8–235(B)." Petitioner was committed to the Arizona State Hospital as being "mentally defective, mentally disordered, and mentally ill," and the court expressly continued its jurisdiction over the petitioner until he reached the age of twenty-one years.

On April 3, 1969 a petition for rehearing was filed by the Pima County Juvenile Probation Department requesting that the juvenile court vacate its order of November 27, 1968 and to grant a rehearing on the question of transferring the petitioner's case to adult court for criminal prosecution. The juvenile court granted the motion and directed that the rehearing be held on May 16, 1969. Counsel for the petitioner appealed the granting of the motion to the Court of Appeals but was unsuccessful in his attempt to prevent the rehearing from being held.

The rehearing was held and the Probation Department moved for an order transferring the petitioner to adult court for prosecution. On January 19, 1970 the court in a minute entry denied the application of the Probation Department and committed the petitioner to the Arizona State Hospital until his twenty-first birthday in accordance with Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed. 2d 84 (1966). All proceedings were had under the Juvenile Code in effect prior to July, 1970.

Upon reaching his twenty-first birthday on November 28, 1971, the petitioner was released from the hospital without further consideration by the Juvenile Court. Criminal prosecution by the state was begun against the petitioner when a complaint was filed on March 2, 1972. A preliminary hearing was held and the petitioner was bound over for trial. Petitioner then filed a special action with this court for the purpose of staying all further proceedings and requesting that the trial judge be directed to quash or dismiss the information and all further proceedings. In addition Coleman petitions for a writ of habeas corpus to preclude his state trial as an adult on a charge of homicide.

The Arizona Constitution clearly provides that the Superior Court shall have excusive jurisdiction in all matters affecing children accused of crime under the age of eighteen years. Ariz.Const., Art. 6, § 15 (Supp.1971–1972). According to constitutional provisions, once jurisdiction attaches, the Superior Court may either treat the juvenile as provided by Title 8 (the juvenile court proceedings), or it may refuse to suspend criminal prosecution and treat the offender as an adult.

Under the law prior to 1970, as part of the treatment afforded to juveniles the

Superior Court acting as the juvenile court could commit the juvenile to an institution pursuant to A.R.S. § 8–235(B) (1956). That statute provided:

"If it appears that a child concerning whom a petition has been filed in the juvenile court is mentally defective or mentally disordered, the court may commit the child to an institution authorized by law to receive and care for such children."

Such a commitment cannot be considered a final order barring the state from prosecuting the petitioner as an adult at some future time. Any possible doubt as to whether the petitioner could be prosecuted was resolved by the Court of Appeals in Anonymous v. Superior Court, 10 Ariz.App. 243, 457 P.2d 956 (1969). In that opinion the court said:

"Examination of the entire record of the juvenile court discloses on the part of the juvenile court judge the exertion of considerable effort to ascertain whether or not the petitioner would benefit from retention of jurisdiction. There was no objection here by the juvenile or anyone in his behalf against the lack of speed in reaching this crucial decision. We see no finality in the order entered here—to suspend criminal prosecution—when the order is accompanied by an order for examination into the petitioner's mental status and is unaccompanied by an adjudication of delinquency.

"The term 'suspend' given its ordinary meaning, means nothing more than a temporary cessation, i. e., a holding in abeyance. United States v. Showalter, 103 F.Supp. 806 (N.D.Calif.1952); Vaughan v. City of Searcy, 199 Ark. 585, 135 S.W.2d 319 (1940); Sunny Brooks Farms v. Omdahl, 42 Wash.2d 788, 259 P.2d 383 (1953); State ex rel. Currie v. McCready, 238 Wis. 142, 297 N.W. 771 (1941)." Anonymous v. Superior Court, 10 Ariz.App. 243 at 247, 457 P.2d 956 at 960 (1969).

The problem in this case arises from the fact that there has never been a formal adjudication as to whether the petitioner was a delinquent. Nevertheless when the state's petition for a rehearing on the issue of remanding the petitioner to Superior Court to be tried as an adult was denied, a minute entry order dated January 19, 1970 was issued. That order granted the petitioner's own motion that he be returned to the Arizona State Hospital without adjudication as a delinquent or an adjudication hearing. The minute entry goes on to amend the order of November 27, 1968 in the following manner:

"ORDERED that, in view of the conclusion that said James W. Coleman is mentally defective, the said James W. Coleman be confined at the Arizona State Hospital in Phoenix, Arizona, until November 28, 1971, his twenty-first birthday, for the purpose of treatment and efforts at rehabilitation, particularly vocational rehabilitation;

"ORDERED that no adjudication hearing shall be set by the Director of Juvenile Court Services unless the Director of the Arizona State Hospital informs the court in *writing prior to November 28, 1971*, that the treatment and efforts at rehabilitation of James W. Coleman have been concluded because, in the opinion of the Director of the Arizona State Hospital, no further treatment and efforts at rehabilitation are feasible and that James W. Coleman should be returned to the Pima County Juvenile Court Center for further appropriate action; and it is further

"ORDERED that the Sheriff of Pima County take the said James W. Coleman, now in detention at the Pima County Juvenile Court Center, and deliver him to the custody of the Director of the Arizona State Hospital in Phoenix, Arizona."

Thus although the petitioner was never formally adjudicated a delinquent, it is ap-

parent that the petitioner was committed to the State Hospital under the authority of A.R.S. § 8–235(B) which permits the Superior Court to place a child in a suitable public institution. At the time of the recommitment the petitioner was twenty years old.

A court should look past the form to the substance of an action especially in view of the informal nature of juvenile proceedings then in effect. The entire philosophy of the juvenile court system would indicate that commitment to the State Hospital is tantamount to a determinaion of the juvenile status of the child. In State v. Shaw, 93 Ariz. 40, 378 P.2d 487 (1963) we held that only when it has been determined that the particular individual is one who will not benefit from special treatment, will that individual be remanded to be tried as an adult. Having decided that the petitioner should be given special treatment, such treatment was made in lieu of criminal prosecution rather than in addition to it. Under the circumstances we conclude that the Superior Court made a de facto determination to treat the petitioner as a juvenile delinquent. Thus the petitioner was not only placed in jeopardy in the juvenile court but was in effect convicted and punished. Any attempt to try him as an adult would not only subject him to the harassment of an additional judicial proceeding but would subject him to the risk of being punished twice for the same offense. Prosecuting the petitioner as an adult would violate both the conception of fundamental fairness which is the basis for juvenile court proceedings and the constitutional protection against double jeopardy. Fain v. Duff, 5 Cir., 488 F.2d 218 (1973).

Based on the foregoing we grant the petitioner the relief requested. It is therefore ordered that the Honorable Robert B. Buchanan quash the information and all further proceedings against the petitioner.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.