**Douglas Anthony HOLT,**
**Plaintiff-Appellant,**

v.

**Harold BLACK, Warden,**
**Defendant-Appellee.**

No. 76–1202.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 1, 1976.

Decided March 3, 1977.

---

\* The Honorable Eugene E. Siler, Jr., Judge, United States District Court for the Eastern and Western Districts of Kentucky, sitting by designation.

Douglas Anthony Holt, Kentucky State Reformatory, LaGrange, Ky., Dudley P. Spiller, Jr., Washington, D. C. (Court-appointed CJA), Grant M. Helman, Louisville, Ky., for plaintiff-appellant.

Ed W. Hancock, Atty. Gen. of Kentucky, Robert L. Chenoweth, Frankfort, Ky., for defendant-appellee.

Before WEICK, EDWARDS and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant Holt is serving a 21-year sentence for voluntary manslaughter after a plea of guilty in the Circuit Court of Jefferson County, Kentucky, entered October 2, 1973. Prior to his indictment and plea of guilty in the Circuit Court, appellant, a juvenile under Kentucky law,[1] had been adjudicated a delinquent after a hearing in Jefferson County's Juvenile Court wherein the delinquency petition was based upon the same crime to which his October 2, 1973, Circuit Court plea was entered.

■ Further detailed facts in this matter are unnecessary to decision, since defendant-appellee Black, through the brief of the Attorney General of Kentucky, concedes that "in the light of the holding in *Breed* [*Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975)] the appellant was placed in jeopardy in this case the second time when he was indicted and held to answer to that indictment in the Jefferson Circuit Court." Thus we deal in this case with a pure question of law—Is this case controlled, retroactively or retrospectively, by the Supreme Court's interpretation of the applicability of the double jeopardy clause of the United States Constitution in *Breed v. Jones, supra,* so as to render void appellant's Circuit Court sentence because, prior to its entry, he had been adjudicated a juvenile delinquent for the same crime?

The Fifth Amendment to the United States Constitution provides in part:

No person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb . . . .

In the *Breed* case Chief Justice Burger held for a unanimous Court:

[T]he risk to which the term jeopardy refers is that traditionally associated with "actions intended to authorize criminal punishment to vindicate public justice." *United States ex rel. Marcus v. Hess* [317 U.S. 537], at 548–549 [63 S.Ct. 379, at 388, 87 L.Ed. 443]. Because of its purpose and potential consequences, and the nature and resources of the State, such a proceeding imposes heavy pressures and burdens—psychological, physical, and financial—on a person charged. The purpose of the Double Jeopardy Clause is to require that he be subject to the experience only once "for the same offence." See

---

1. Holt was 17 at the time of the crime and hence subject to jurisdiction of the Juvenile Court. (*See* K.R.S. § 208.020(1)).

*Green v. United States,* 355 U.S. 184, 187 [78 S.Ct. 221, 223, 2 L.Ed.2d 199] (1957); *Price v. Georgia,* 398 U.S. [323], at 331 [90 S.Ct. 1757, at 1762, 26 L.Ed.2d 300 (1970)]; *United States v. Jorn,* 400 U.S. 470, 479 [91 S.Ct. 547, 554, 27 L.Ed.2d 543] (1971) (opinion of Harlan, J.).

In *In re Gault* [387 U.S. 1], at 36 [87 S.Ct. 1428 at 1448, 18 L.Ed.2d 527 (1967)], this Court concluded that, for purposes of the right to counsel, a "proceeding where the issue is whether the child will be found to be 'delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution." See *In re Winship* [397 U.S. 358], at 366 [90 S.Ct. 1068 at 1073, 25 L.Ed.2d 368 (1970)]. The Court stated that the term "delinquent" had "come to involve only slightly less stigma than the term 'criminal' applied to adults," *In re Gault, supra* [387 U.S.], at 24 [87 S.Ct. 1428, at 1441; see *In re Winship, supra* [397 U.S.], at 367 [90 S.Ct. 1068, at 1074], and that, for purposes of the privilege against self-incrimination, "commitment is a deprivation of liberty. It is incarceration against one's will, whether it is called 'criminal' or 'civil.'" *In re Gault, supra* [387 U.S.], at 50 [87 S.Ct. 1428, at 1455]. See 387 U.S., at 27 [87 S.Ct. 1428, at 1443]; *In re Winship, supra* [397 U.S.], at 367 [90 S.Ct. 1068, at 1974].[12]

[12] Nor does the fact "that the purpose of the commitment is rehabilitative and not punitive . . . change its nature. . . . Regardless of the purposes for which the incarceration is imposed, the fact remains that it is incarceration. The rehabilitative goals of the system are admirable, but they do not change the drastic nature of the action taken. Incarceration of adults is also intended to produce rehabilitation." *Fain v. Duff,* 488 F.2d [218] at 225, 5 Cir. See President's Commission on Law Enforcement and Administration of Justice, Task Force Report: Juvenile Delinquency and Youth Crime 8–9 (1967).

\*     \*     \*     \*     \*     \*

We deal here, not with "the formalities of the criminal adjudicative process," *McKeiver v. Pennsylvania,* 403 U.S. [528], at 551 [91 S.Ct. 1976, at 1989, 29 L.Ed.2d 647 (1970)] [opinion of Blackmun, J.], but with an analysis of an aspect of the juvenile court system in terms of the kind of risk to which jeopardy refers. Under our decisions we can find no persuasive distinction in that regard between the proceeding conducted in this case pursuant to Cal. Welf. & Inst'ns Code § 701 and a criminal prosecution, each of which is designed "to vindicate [the] very vital interest in enforcement of criminal laws." *United States v. Jorn, supra* [400 U.S.], at 479 [91 S.Ct. 547, at 554]. We therefore conclude that respondent was put in jeopardy at the adjudicatory hearing. Jeopardy attached when respondent was "put to trial before the trier of the facts," *ibid.,* that is, when the Juvenile Court, as the trier of the facts, began to hear evidence. See *Serfass v. United States,* 420 U.S. [377], at 388 [95 S.Ct. 1055, 43 L.Ed.2d 265 (1975)].[13]

[13] The same conclusion was reached by the California Court of Appeal in denying respondent's petition for a writ of habeas corpus. *In re Gary, J.,* 17 Cal.App.3d 704, 710, 95 Cal. Rptr. 185, 189 (1971).

*Breed v. Jones,* 421 U.S. 519, 529–31, 95 S.Ct. 1779, 1786–1787, 44 L.Ed.2d 346 (1975).

The Kentucky Attorney General, of course, does not dispute the holding of the *Breed* case, but does argue that it should not be applied to the instant conviction and sentence because they occurred in 1973— well before the *Breed* decision in May of 1975. He contends that *Breed* should not be applied "retroactively" under the analysis contained in *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). The District Judge in our instant case agreed *Breed* should not be applied retroactively. We believe, however, that the application of retroactivity of a Florida double jeopardy holding (*See Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970)) in *Robinson v. Neil,* 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973), is much more relevant to our instant appeal than the general retroactivity analysis of *Linkletter v. Walker, supra.* As a consequence, we reverse and remand this case to the District Court for issuance of the writ.

Seven years ago in *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the United States Supreme Court first held that the double jeopardy clause of the Fifth Amendment applied to the states by operation of the Fourteenth Amendment. In *Waller v. Florida, supra*, the Supreme Court held that the "dual sovereignty" doctrine by which Florida justified prosecuting the same offense in separate municipal and state proceedings offended the double jeopardy clause. In *Robinson v. Neil, supra*, the United States Supreme Court specifically determined that *Waller* should be applied retroactively. The Court unanimously held:

> The prohibition against being placed in double jeopardy is likewise not readily susceptible of analysis under the *Linkletter* line of cases.
>
> \* \* \* \* \* \*
>
> The guarantee against double jeopardy is significantly different from procedural guarantees held in the *Linkletter* line of cases to have prospective effect only. While this guarantee, like the others, is a constitutional right of the criminal defendant, its practical result is to prevent a trial from taking place at all, rather than to prescribe procedural rules that govern the conduct of a trial. A number of the constitutional rules applied prospectively only under the *Linkletter* cases were found not to affect the basic fairness of the earlier trial, but to have been directed instead to collateral purposes such as the deterrence of unlawful police conduct, *Mapp v. Ohio* [367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961)]. In *Waller*, however, the Court's ruling was squarely directed to the prevention of the second trial's taking place at all, even though it might have been conducted with a scrupulous regard for all of the constitutional procedural rights of the defendant.

*Robinson v. Neil*, 409 U.S. 505, 508–09, 93 S.Ct. 876, 878, 35 L.Ed.2d 29 (1973).

We regard this language to be dispositive of this appeal. It commands reversal of this case and remand for issuance of the writ of habeas corpus. We should, however, add that if we were to determine this case under *Linkletter v. Walker, supra*, as the Kentucky Attorney General urges, we would still reach the same result. As we see the matter, the fundamental changes in constitutional law which require reversal of this case occurred well before appellant's trial in 1973. In *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), and *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the Supreme Court decisively rejected any Constitutional distinction between the "civil" law nature of Juvenile Court proceedings and the "criminal" law nature of courts of general adult jurisdiction. When in 1969 the Supreme Court held for the first time that the double jeopardy clause was applicable to the states through the Fourteenth Amendment, the constitutional ban upon two prosecutions—one in a juvenile court adjudication and the other (after waiver) in the adult criminal court—was complete. Since *Benton* and before *Breed* a number of states have held that the double jeopardy clause of the United States Constitution applied to juveniles. *See, e. g., Coleman v. Superior Court*, 110 Ariz. 386, 519 P.2d 851 (1974); *People v. P. L. V.*, 176 Colo. 342, 490 P.2d 685 (1971); *State v. Gibbs*, 94 Idaho 908, 500 P.2d 209 (1972); *Tolliver v. Judges of Family Court*, 59 Misc.2d 104, 298 N.Y.S.2d 237 (Sup.Ct. 1969); *In re Gilbert*, 45 Ohio App.2d 308, 345 N.E.2d 79 (1974); *In re Knox*, 532 P.2d 245 (Or.App.1975); *Tennessee v. Jackson*, 503 S.W.2d 185 (Tenn.1973); *State v. Marshall*, 503 S.W.2d 875 (Tex.Civ.App.1973); *Collins v. State*, 429 S.W.2d 650 (Tex.Civ. App.1969); *District of Columbia v. I. P.*, 335 A.2d 224 (D.C.App.1975). *Compare Locke v. Commonwealth*, 503 S.W.2d 729 (Ky. 1974).

Two Circuit Courts of Appeals had also foreseen the result which the Supreme Court, on the basis of its own precedents, was bound to reach. *See Fain v. Duff*, 488 F.2d 218 (5th Cir. 1973), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2396, 44 L.Ed.2d 666 (1975) and *Jones v. Breed*, 497 F.2d 1160 (9th Cir. 1974), *vacated*, 421 U.S. 519, 95

S.Ct. 1779, 44 L.Ed.2d 346 (1975). As noted earlier in this opinion, the Supreme Court opinion in *Breed v. Jones, supra,* followed in 1975. Our point is that in 1973 when appellant was tried twice for the same offense in the state courts of Kentucky, there was then no basis for reliance upon any United States Supreme Court opinion which could be read as allowing that practice in the face of the double jeopardy clause.

■ Finally, we note that the Kentucky Attorney General cites factual difficulty in ascertaining when jeopardy attached in Kentucky Juvenile Court hearings. In effect he suggests that the taking of any evidence pertaining to an offense, whether at a preliminary hearing, a hearing on waiver, or an adjudicatory hearing might under *Breed* be held to establish jeopardy for constitutional purposes. We do not so read *Breed v. Jones, supra.* Clearly it refers solely to an adjudicatory hearing. The *Breed* opinion states:

> We therefore conclude that respondent was put in jeopardy at the adjudicatory hearing. Jeopardy attached when respondent was "put to trial before the trier of the facts," *ibid.,* that is when the Juvenile Court, as the trier of the facts, began to hear evidence. See *Serfass v. United States,* 420 U.S. at 388, 95 S.Ct. 1055.
> *Breed v. Jones, supra* 421 U.S. at 531, 95 S.Ct. at 1786. (Footnote omitted.)

And, of course, in our instant case, the Attorney General has conceded that jeopardy attached in both the Juvenile Court and the Circuit Court of Jefferson County.

In view of what has been said above and the reversal and remand which is called for, the other questions posed by appellant are unnecessary to decision.

Reversed and remanded to the District Court for further proceedings consistent with this opinion.