613 P.2d 287

**Jack JOHNSON, Petitioner,**

v.

**Judge C. Kimball ROSE, Judge of the Maricopa County Superior Court, Respondent,**

**and**

**Charles F. Hyder, Maricopa County Attorney, Respondent.**

**Jose Gomez GARCIA, Petitioner,**

v.

**Honorable C. Kimball ROSE, Judge of the Maricopa County Superior Court and the State of Arizona, Real Party in Interest, Respondents.**

Nos. 14896, 14897.

Supreme Court of Arizona, In Banc.

June 20, 1980.

**128**

Ross P. Lee, Maricopa County Public Defender, by William K. Culbertson, Deputy Public Defender, Phoenix, for petitioner Johnson.

Ross P. Lee, Maricopa County Public Defender, by Richard A. Rice, Deputy Public Defender, Phoenix, for petitioner Garcia.

Charles F. Hyder, Maricopa County Atty., Warren K. Smoot, Deputy County Atty., by Sandra L. Janzen and William B. DeMars, Deputy County Atty., Phoenix, for respondents.

HOLOHAN, Vice Chief Justice.

The petitions for special action of the above named petitioners have been consolidated for decision because they present essentially the same fact situation and legal issue.

The petitioners are each juveniles who have had petitions filed in juvenile court accusing them of acts of delinquency occurring in Maricopa County, Arizona. Counsel for petitioners have sought by motion supported by facts to have the juvenile court hold a preadjudication hearing to determine the mental competency of the petitioners. The respondent judge, ruling that the juveniles' mental condition cannot be inquired into prior to adjudication, denied the motions for a competency hearing, and, in the case of petitioner Johnson, the respondent judge also denied the motion for appointment of mental health experts to examine and report on petitioner Johnson's mental competency.

The rulings of the respondent judge were made prior to our recent decision in *State ex rel. Dandoy v. Superior Court*, 126 Ariz. ——, ——, —— P.2d —— (1980) (No. 14743PR, filed June 4, 1980). In the cited case, we held that a juvenile could not be tried in a delinquency adjudicatory proceeding while he was mentally incompetent. We also pointed out that the requirements of due process necessitate the conclusion that the juvenile court had the power to inquire into a juvenile's mental competency prior to adjudication. Since there was no specific procedure in the statutes or Rules of Procedure for the juvenile court covering the method of determining a juvenile's competency prior to adjudication, we directed that the procedure set forth in Rule 11 of the Rules of Criminal Procedure be used as far as practicable in juvenile cases.

We adhere to the position stated in *State ex rel. Dandoy v. Superior Court.* The rulings of the respondent judge denying a mental examination and competency hearings are set aside, and the respondent judge is directed to proceed in accordance with the views expressed in *Dandoy* and in this opinion.

STRUCKMEYER, C. J., and HAYS and GORDON, JJ., concur.

CAMERON, J., did not participate in the determination of this matter.