764 P.2d 752

**In the Matter of the Appeal in PIMA COUNTY JUVENILE DELINQUENCY ACTION NO. 89248–01.**

**No. 2 CA–JV 88–0016.**

Court of Appeals of Arizona, Division 2, Department A.

July 7, 1988.
Review Denied Nov. 29, 1988.*

---

* Gordon, C.J., of the Supreme Court, did not  participate in the determination of this matter.

18

0Stephen D. Neely, Pima County Atty. by David M. Quantz and William F. Mills, Tucson, for State.

Bilby & Shoenhair, P.C. by Alexander L. Sierra and Negatu Molla, Tucson, for minor.

## OPINION

HATHAWAY, Judge.

On January 6, 1988, the state filed a delinquency petition alleging that the minor had committed numerous violations of the law. Simultaneously, the state filed a petition requesting that the juvenile court waive its jurisdiction and order the minor transferred for criminal prosecution. The state subsequently amended the delinquency petition, alleging the following: 28 counts of aggravated assault, 25 counts of kidnapping, two counts of theft, one count of first-degree burglary, and one count of armed robbery. An amended petition to transfer the minor for criminal prosecution

was filed simultaneously with the amended delinquency petition.

At the initial detention hearing, the court heard testimony from Dr. Gabriel Cata and ordered that the minor be transferred to Palo Verde Mental Health Hospital's intensive locked unit for evaluation to determine whether he would be a danger to himself or others if detained in the Pima County Juvenile Court Detention Facility.

Following an evidentiary hearing in the first phase of the transfer proceeding, the court found probable cause as to 35 of the alleged offenses. Ariz.R.Juv.Ct.P. 14(b), 17A A.R.S. The court ordered that Dr. Todd Flynn conduct an examination of the minor for purposes of the second phase of the transfer proceeding, also known as the amenability hearing.

At the amenability hearing, the court heard testimony regarding the minor's mental state from Drs. Flynn and Cata. In its minute entry dated February 16, 1988, the court specifically considered the factors enumerated in Rule 14(c) and made the following findings:

That, except for Rule 12 [Ariz.R.Juv. Ct.P. 12, 17A A.R.S.], the Court would transfer the minor to Adult Court but for the fact that Rule 12 states that the Court shall not transfer a minor for criminal prosecution who is commitable to an institution for mentally ill persons.

The Court SPECIFICALLY FINDS that at this time, the minor is suffering from a major depression and is dangerous to himself.

IT IS THEREFORE ORDERED that this matter is suspended, and the Court will take steps to have the minor evaluated further pursuant to Title 36.

\* \* \* \* \* \*

The Court notes specifically, for the record, that it is only the present mental state of the minor which precludes the Court from transferring this case to the adult system, the Court believing that this is a case which appropriately should be handled in the adult system, there being no probability of reasonable reha-

bilitative services being provided the minor prior to his 18th birthday.

On the same day, the state filed a petition for evaluation of the minor pursuant to A.R.S. § 36–523. After the juvenile judge made the findings quoted above, he set an evidentiary hearing on the petition for evaluation. The parties stipulated that the court would consider the prior testimony of Drs. Flynn and Cata, and additional written evaluations by Dr. Kevin Leehey and Dr. Peter J. Lusche were also admitted into evidence. Counsel also stipulated that two witnesses were available to testify that the minor had attempted to ingest substances which could have caused his demise during the period of time that he was hospitalized. The minor's counsel requested permission to seek placement of the minor at a facility other than the Arizona State Hospital and, upon agreement by the state, the minor was placed in the custody of Dr. Roy Fanoni, M.D., a psychiatrist at Timber Lane Psychiatric Hospital in Dallas, Texas.

On appeal, the minor argues that the juvenile court exceeded its authority and committed error when it suspended the transfer proceedings. He contends that the suspension resulted in a *de facto* transfer for criminal prosecution because his eighteenth birthday will pass before the matter is resolved.[1] For the reasons stated below, we affirm the juvenile court's order.

Pursuant to Rule 12(a), the county attorney may request that the juvenile court waive its jurisdiction and order a minor transferred for criminal prosecution. Rule 12(d) provides that the juvenile court "shall not transfer a child for criminal prosecution who is commitable to an institution for mentally deficient, mentally defective or mentally ill persons." Rule 14, which governs the transfer determination, states in subsection (f):

If the child is not ordered transferred, the court shall hear and dispose of the case or assign it to another judge, court commissioner or referee for hearing.

Therefore, once the juvenile court judge conducts an evaluation of the minor and determines that the minor is commitable,

the court is precluded under Rule 12(d) from ordering a transfer, but required under Rule 14(f) to "dispose of the case" or assign it to another judge for a hearing.

Generally, the juvenile court's denial of a petition to transfer would result in that court's retaining jurisdiction and disposing of the case as a delinquency proceeding. It is the law, however, that a minor may not be tried in a delinquency adjudication hearing while the minor is mentally incompetent. *Johnson v. Rose*, 126 Ariz. 127, 128, 613 P.2d 287, 288 (1980). Our supreme court has directed that the determination of a minor's mental competency for purposes of a delinquency adjudication must be made by following the adult procedure set forth in Ariz.R.Crim.P. 11, 17 A.R.S. *State ex rel. Dandoy v. Superior Court*, 127 Ariz. 184, 187, 619 P.2d 12, 15 (1980). Had the judge set the case for delinquency proceedings, the competency determination under *Dandoy* and criminal Rule 11 would have yielded the same result. Even if we interpret Rule 14(f) strictly to require a disposition where transfer is not ordered, the only possible disposition here would have been dismissal of the delinquency petition. The minor's eighteenth birthday would have resulted in a loss of juvenile court jurisdiction in any event. Ariz. Const., art. 6 § 15; *Pima County Juvenile Action No. J–70107–2*, 149 Ariz. 35, 36, 716 P.2d 404, 405 (1986). The minor has made no claim that, prior to the juvenile court's loss of jurisdiction, he regained competence and the court could have proceeded but did not. Additionally, we note that the state always has discretion in any delinquency proceeding to dismiss a petition in anticipation of a minor's attaining the age of majority and to file adult criminal charges thereafter. *See McBeth v. Rose*, 111 Ariz. 399, 403, 531 P.2d 156, 160 (1975).

In the instant case, the juvenile judge had no choice but to suspend the proceedings. The minor, being mentally incompetent, could not be adjudicated delinquent. While Rule 14(f) requires disposition or reassignment to a different judge, we do not find the failure to have the commitment

---

1. We note that the minor's eighteenth birthday was on April 21, 1988.

hearing before a different judge to be fundamental error.

The minor relies on *Coleman v. Superior Court*, 110 Ariz. 386, 519 P.2d 851 (1974). In *Coleman*, a minor who was the subject of a delinquency petition and a petition to transfer was taken into custody at the juvenile court detention center. The court subsequently entered an order specifically suspending prosecution as it "was not necessary for the protection of society." *Id.* at 387, 519 P.2d at 852. The court found the minor was "mentally defective and disordered within ... the meaning of A.R.S. § 8–235(B)," and committed the minor to the Arizona State Hospital, but expressly continued its jurisdiction over the minor until he reached the age of majority. *Id.* During minority, the juvenile court reconsidered the transfer petition at the state's request after this court denied special action relief to the minor, who argued that such a reconsideration was prohibited. *Anonymous v. Superior Court*, 10 Ariz. App. 243, 457 P.2d 956 (1969). In denying the state's renewed transfer request, the juvenile court committed the minor to the Arizona State Hospital until he reached majority. Upon reaching the age of majority, the minor was released from the hospital and the state began criminal prosecution. In *Coleman v. Superior Court*, the supreme court addressed the minor's argument that he had been the subject of an exercise of juvenile court jurisdiction and, therefore, could not be prosecuted as an adult.

The *Coleman* proceedings were conducted under the juvenile law in effect before July 1970. Under that law, the superior court acting as the juvenile court could commit a minor to an institution under A.R.S. § 8–235(B) (1956), which provided:

> If it appears that a child concerning whom a petition has been filed in the juvenile court is mentally defective or mentally disordered, the court may commit the child to an institution authorized by law to receive and care for such children.

The supreme court in *Coleman* recognized that commitment under § 8–235(B) could not be considered a final juvenile court order barring prosecution as an adult at some future time. The court found, however, that although the minor never had been formally adjudicated delinquent, the second transfer denial and commitment under the authority of § 8–235(B) until the age of majority was tantamount to a determination of "the juvenile status of the child." 110 Ariz. at 389, 519 P.2d at 854. The court reasoned as follows:

> In *State v. Shaw*, 93 Ariz. 40, 378 P.2d 487 (1963) we held that only when it has been determined that the particular individual is one who will not benefit from special treatment, will that individual be remanded to be tried as an adult. *Having decided that the petitioner should be given special treatment, such treatment was made in lieu of criminal prosecution rather than in addition to it.* Under the circumstances we conclude that the Superior Court made a de facto determination to treat the petitioner as a juvenile delinquent. Thus the petitioner was not only placed in jeopardy in the juvenile court but was in effect convicted and punished. Any attempt to try him as an adult would not only subject him to the harassment of an additional judicial proceeding but would subject him to the risk of being punished twice for the same offense.

*Id.* (emphasis added).

In *Coleman*, the juvenile court specifically stated that transfer was not necessary to protect society and committed the minor until his majority birthday. We believe *Coleman* is narrowly limited to its facts and circumstances and does not create a general rule that every commitment and suspension of proceedings constitutes a final disposition by the juvenile court.

The current juvenile code contains provisions not unlike former § 8–235(B). A.R.S. § 8–242.01 provides for both evaluation and/or treatment. Section 8–242.01(B) permits the court to approve inpatient evaluation or treatment of a minor who meets the standard set forth in § 36–518(C). The reasoning of *Coleman* does not apply in this case as there was no decision that this

minor be given "special treatment" in lieu of criminal prosecution. Here, the court found that there is no probability of reasonable rehabilitative services being provided this minor before his eighteenth birthday and concluded that he should be transferred. The court plainly stated that, but for juvenile rule 12(d), it would order this minor transferred.

We note, also, that A.R.S. § 8–242.01 contemplates the situation presented by this appeal. A minor who has not been adjudicated may be committed for evaluation and/or treatment without such commitment resulting in disposition. The commitment must be reviewed every 60 days. A.R.S. § 8–242.01(G). Once a minor is no longer in need of inpatient care, the court is required to discharge the minor from the treatment facility. *Id.* If the discharged minor has previously been adjudicated delinquent, incorrigible or dependent, the court may, upon discharge, order a disposition. *Id.* The statute is silent as to a discharged minor who has not been the subject of an adjudication. We find the legislature intended that such a minor, like the appellant herein, may then be the subject of appropriate proceedings. If that minor has reached the age of majority during treatment, the juvenile court's jurisdiction is extinguished and criminal prosecution may be initiated.

The juvenile court's order is affirmed.

LACAGNINA, C.J., and HOWARD, P.J., concur.