912 F.2d 465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis Lee MAYES, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Attorney General of Kentucky,
Respondents-Appellees.
 No. 89-6430.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Curtis Mayes, a Kentucky pro se prisoner, appeals the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254.
 
 
 3
 Mayes challenges his jury convictions for murder and robbery resulting in a sentence of life plus thirty-two and one-half years imprisonment. He argued before the district court that: (1) he was subjected to double jeopardy in juvenile and circuit courts; (2) he was subjected to multiple prosecutions for murder and a lesser included offense of robbery; (3) the trial court's ninth jury instruction was erroneous; (4) the trial court failed to give a limiting instruction; (5) the state reneged on a promise not to prosecute him if he passed a polygraph test; (6) his trial counsel possessed a conflict of interest; and (7) his counsel rendered ineffective assistance.
 
 
 4
 The district court dismissed the petition for lack of exhaustion, but this court vacated that judgment and remanded for a cause and prejudice determination and consideration of the exhausted claims. On remand the district court dismissed the petition on the merits without first rendering a cause and prejudice analysis. Mayes continues to argue the merits of his claims on appeal and, in his brief, requests the appointment of counsel.
 
 
 5
 Initially, we conclude that Mayes has not shown cause and prejudice to excuse his failure to raise his unexhausted claims before the state courts (enumerated # 2, # 3 and # 5 above); thus, those claims are not properly before us. Teague v. Lane, 109 S.Ct. 1060, 1068 (1989).
 
 
 6
 Upon review of the judgment addressing his exhausted claims, we conclude the district court properly dismissed the petition because Mayes has not shown that he was denied a fundamentally fair trial. Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984).
 
 
 7
 Mayes was not subjected to double jeopardy since jeopardy did not attach during his juvenile court hearing on waiver. Holt v. Black, 550 F.2d 1061, 1065 (6th Cir.), cert. denied, 432 U.S. 910 (1977). The trial court's failure to give a limiting instruction does not require reversal because the instructions when viewed as a whole did not render the entire trial fundamentally unfair. Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Mayes has failed to show actual and significant conflict of interest on the part of his defense counsel which rendered the result of his trial unjust. Thomas v. Foltz, 818 F.2d 476, 480-81 (6th Cir.), cert. denied, 484 U.S. 870 (1987). And finally, Mayes cannot show that his counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Strickland v. Washington, 466 U.S. 668, 686 (1984).
 
 
 8
 Finding none of Mayes's claims to be meritorious, we deny Mayes's request for counsel and hereby affirm the judgment of the district court. Rule 9(b)(5), Rules of the Sixth Circuit.