In re Gilbert.

[Cite as In re Gilbert (1974), 45 Ohio App. 2d 308.]

(No. 7572—Decided October 2, 1974.)

*Mr. William B. Hewitt,* for appellee Thomas Clinton Gilbert.

*Mr. Stephen M. Gabalac,* prosecuting attorney, and *Mr. Frederic L. Zuch,* for appellant state of Ohio.

Mahoney, J. Thomas Clinton Gilbert, age 15, was charged with delinquency by reason of the murder of Ruth Dyer on March 27, 1974. Thomas was tried in the juvenile division of the Court of Common Pleas of Summit County and found not guilty. The journal entry, filed July 18, 1974, reads:

"This cause came on to be heard on the affidavit of Lt. Harold Rivers, Summit County Sheriff's office, charging the child, Thomas Clinton Gilbert, with delinquency by reason of aggravated murder, pursuant to Ohio Revised Criminal Code Sections 2151.02 and 2903.01(B), to all of which the child, Thomas Clinton Gilbert, entered a plea to this Court of not guilty;

"That thereupon, with all issues joined, and trial had to this court upon all the evidence presented, this court did on the 6th day of July, 1974, find the child, Thomas Clinton Gilbert, not guilty and rendered a verdict in favor of the defendant-child, Thomas Clinton Gilbert, and against the state of Ohio; and now coming to enter judgment on the verdict of this court;

"It is hereby ordered, adjudged and decreed by the court that the child, Thomas Clinton Gilbert, be and is hereby found not guilty of all charges contained in said affidavit, and said affidavit is hereby dismissed. * * *' "

On August 5, 1974, the state filed a notice of appeal from that judgment, and on August 22, 1974, Thomas Clinton Gilbert filed a motion to dismiss the appeal. The question raised is whether double jeapordy applies to juvenile proceedings, in which a youth is charged with committing an act which would constitute a crime if committed by an adult, and thereafter the juvenile is acquitted by the juvenile division.

The rule now is that a state cannot appeal a final order of acquittal or conviction in a criminal case. *Euclid* v. *Heaton,* 15 Ohio St. 2d 65; and *Benton* v. *Maryland,* 395 U. S. 784.

The state contends that the juvenile proceeding was civil and not criminal, and seeks to institute this appeal under Appellate Rule 4(A), as a civil proceeding, thereby avoiding the possibility of a plea of former jeopardy. (It should be noted that any appeal based on Juvenile Rule 22(F) would now be moot, since the case was tried to a conclusion. That rule provides that a prosecutor may appeal a trial court's granting of a motion to suppress evidence, within seven days of that order.)

"Double jeopardy is not a mere defense to a criminal charge; it is a right to be free from a *second prosecution,* not merely a second *punishment* for the same offense * * *." *Fain* v. *Duff* (C. A. Fla.), 488 F. 2d 218, 224. See, also: *Green* v. *United States,* 355 U. S. 184, 187, and *United States* v. *Ball,* 163 U. S. 662, 669.

*Fain* v. *Duff, supra,* now on appeal to the United States

Supreme Court,* involves a juvenile, age 16, who was adjudicated a delinquent for the charge of rape. He was committed to the division of youth services for an indeterminate period, not to extend beyond his twenty-first birthday, and shortly thereafter an indictment was returned against him, by a grand jury, charging him with the criminal offense of rape. The Fifth Circuit Court of Appeals, en banc, held that the action of the state violated the former jeopardy provisions of the Fifth Amendment, and notions of fundamental fairness, stating:

"A court proceeding which may result in incarceration places a person, adult or juvenile, in jeopardy." *Fain* v. *Duff, supra,* at 225.

There are other jurisdictions which apply double jeopardy protections to juvenile proceedings. See: *Hultin* v. *Beto* (C. A. Tex.), 396 F. 2d 216; *United States* v. *Dickerson* (D. C. Cir.), 168 F. Supp. 899, reversed on other grounds, 271 F. 2d 487; *Coleman* v. *Superior Court,* 110 Ariz. 386, 519 P. 2d 851, and *M.* v. *Superior Court of Shasta County,* 4 Cal. 3d 370, 482 P. 2d 664.

While civil proceedings are appealed under Appellate Rule 4(A), and a juvenile hearing is termed civil rather than criminal, such a categorization, or labeling, should not be simplistically applied to override a right which is guaranteed by the United States Constitution, as well as notions of "fundamental fairness." *Kent* v. *United States,* 383 U. S. 541, at 544; *In re Gault,* 387 U. S. 1, at 49; and *McKeiver* v. *Pennsylvania,* 403 U. S. 528, at 541.

The application of double jeopardy does not impair the unique procedures of a juvenile forum. That right is applicable only after the entire adjudicatory proceeding has been completed, and it does not require any alteration of the traditional practices of the juvenile courts.

The state maintains that double jeopardy does not preclude reprosecution, if, on appeal by the state, it can show reversible error by the trial court. The state proposes that a reversal by the Court of Appeals, and a new trial dif-

---

*42 U. S. L. W. 3667, No. 73-1768.

fers from the state merely reprosecuting a defendant after an acquittal, without the intervening appeal.

However, such a proposal runs directly contrary to the dictates of the meaning of double jeopardy, and the pronouncements of the Supreme Court of the United States:

"The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the state with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

"In accordance with this philosophy it has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and even when 'not followed by any judgment, is a bar to a subsequent prosecution for the same offense.' *United States* v. *Ball,* 163 U. S. 662, 671. Thus it is one of the elemental principles of our criminal law that the Government cannot secure a new trial by means of an appeal even though an acquittal may appear to be erroneous * * *." *Green* v. *United States,* 355 U. S. 184, at 187-188.

This court holds that the trial and acquittal of the juvenile, in the instant case, bars an appeal from the judgment entered thereon, as well as further prosecution for the same offense.

It is ordered that the motion to dismiss be, and it hereby is sustained, and that this appeal be, and it hereby is dismissed at appellant's costs.

*Motion sustained.*

BRENNEMAN, P. J., and VICTOR, J., concur.