**The STATE of Ohio, Appellant,**

**v.**

**PENROD, Appellee.**

[Cite as *State v. Penrod* (1989), 62 Ohio App.3d 720.]

Court of Appeals of Ohio,
Summit County.

No. 13976.

Decided May 3, 1989.

*Philip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellant.
*Roger K. Davidson,* for appellee.

CACIOPPO, Presiding Judge.

This is an appeal from the trial court's dismissal of three charges against a juvenile, now facing prosecution as an adult. The state concedes that one count was properly dismissed because the juvenile was previously adjudicated delinquent on that count. The state claims error in granting dismissal of two counts and asserts that jeopardy does not attach under Juv.R. 29(B) because that phase of an adjudicatory hearing is similar to a criminal arraignment.

This court finds the state's argument does not apply to this case and agrees with the trial court's well-reasoned opinion.

Four complaints which arose out of the same course of conduct were filed against Dean Allen Penrod, a juvenile. The juvenile appeared with his parents before the juvenile referee. The referee advised the juvenile of his rights pursuant to Juv.R. 29(B). The juvenile, counseled by his parents, elected to proceed with the adjudicatory hearing. The juvenile stated facts concerning the circumstances which gave rise to the four complaints. On two complaints, the referee found the facts sufficient to adjudicate the juvenile a delinquent child. The referee proceeded to disposition and further found that the best interest of the juvenile and the community warranted commitment to the Department of Youth Services. The referee recommended these findings to the court and, after review, they became an order of the court without objection.

Within a week, additional complaints were filed against the juvenile. Included were three complaints from the prior adjudication. The state filed a motion pursuant to Juv.R. 30, and the juvenile court transferred the juvenile's case for prosecution as an adult. The juvenile filed a motion to dismiss based on double jeopardy. The trial court dismissed the three charges from the prior adjudication citing double jeopardy and the authority of *Breed v. Jones* (1975), 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346.

### Assignment of Error

"The trial court committed error in granting the defendant's motion to dismiss and finding that the defendant has already been placed in jeopardy on count two, rape by fellatio, and count three, felonious assault."

The state relies upon the referee's draft recommendation and asserts that jeopardy does not attach when a complaint against a juvenile is dismissed following an adjudicatory hearing. The referee adjudicated the juvenile a delinquent child, based upon admitted facts sufficient to find the juvenile committed the acts charged in two complaints. The referee found no facts to substantiate the remaining two complaints and the state did not offer additional proof. The referee dismissed the two complaints "without prejudice." The state argues that the juvenile's failure to admit the facts alleged in the complaints is a denial. Confronted with a denial, the state did not proceed to prove the complaint allegations and, therefore, the juvenile was not placed in jeopardy. The state further argues that Juv.R. 29(B) provides a proceeding similar to criminal arraignment and jeopardy does not attach at arraignment.

Ohio has long recognized that juvenile proceedings are not criminal in nature and the juvenile system must focus on the child's welfare. See,

generally, *In re Agler* (1969), 19 Ohio St.2d 70, 48 O.O.2d 85, 249 N.E.2d 808 (the court reviewed Ohio juvenile system history and applied *In re Gault* [1967], 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527). This court has previously stated that double jeopardy is not a mere criminal defense but a right to be free from a second prosecution, and a court proceeding which may result in incarceration places a juvenile in jeopardy. *In re Gilbert* (1974), 45 Ohio App.2d 308, 309–310, 74 O.O.2d 480, 481–482, 345 N.E.2d 79, 80–81.

█ The state's argument fails for two distinct reasons. First, Juv.R. 29 has no counterpart in the Criminal Rules. See *In re Green* (1982), 4 Ohio App.3d 196, 4 OBR 300, 447 N.E.2d 129. In a delinquency case, the juvenile's plea is an admission or denial of the facts contained in the complaint. An admission is not a guilty plea but a waiver of rights to challenge the allegations. A juvenile is not a delinquent child until so adjudicated pursuant to Juv.R. 29. A denial is an assertion of the juvenile's right to challenge the allegations. If the allegations of the complaint are not proved, the complaint must be dismissed. Juv.R. 29(F). Second, the referee did not simply inform the juvenile of his rights as required under Juv.R. 29(B), and enter a denial to the complaints. It is common practice after a complaint is filed for the juvenile court to inform the child of his rights pursuant to Juv.R. 29(B) when the child initially appears before the court. Once satisfied the adjudicatory hearing may proceed, the court requests the juvenile to enter an admission or denial pursuant to Juv.R. 29(C).

"The juvenile court may conduct its hearings in an informal manner and may adjourn its hearings from time to time." Juv.R. 27; R.C. 2151.35. It is also common practice for the juvenile court to adjourn the adjudicatory hearing after an admission or denial and schedule the adjudicatory hearing to continue, where evidence is presented and issues determined.

█ In this case, the juvenile requested that the adjudicatory hearing proceed. The referee did proceed on the four complaints, heard the juvenile's statements, reviewed documents, made inquiry, and adjudicated the juvenile a delinquent child. The referee then immediately proceeded to disposition pursuant to Juv.R. 29(F) and 34.

The fact that the juvenile did not admit to all the allegations contained in the complaints and no additional evidence was presented, does not prevent attaching of jeopardy:

"Although R.C. 2151.23, insofar as it gives jurisdiction to the juvenile court 'concerning any child who *on or about the date specified in the complaint* is alleged to be a * * * delinquent * * *;' (emphasis added), implies that several claims of delinquency may be made resulting upon trial in several findings of

delinquency, nevertheless, the finding that a child is a delinquent child is the finding of a legal status which status is common to all proceedings tried within the same time reference and which must result in one disposition for all complaints or a separate disposition for each complaint which is consistent with and not mutually exclusive of the disposition made at the same time for another complaint." *In re Bolden* (1973), 37 Ohio App.2d 7, 16, 66 O.O.2d 26, 52, 306 N.E.2d 166, 173.

The juvenile's liberty was placed at risk on all four complaints when the court proceeded to determine issues. At that point, the juvenile court was no longer a mere advisor of rights, but a trier of fact. The adjudicatory hearing did not adjourn but continued to adjudication and disposition.

For the foregoing reasons, the trial court did not err in granting the motion to dismiss and finding jeopardy attached as to the four complaints.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, J., concurs.

QUILLIN, J., concurs in judgment only.