OPINION
{¶ 1} Defendant-appellant, Gary Kirby, appeals a decision of the Warren County Court of Common Pleas, Juvenile Division (the "trial court"), rejecting his Alford-type plea and adjudicating him a delinquent child for committing the rape of a child under the age of 13.
 {¶ 2} Appellant was a few days shy of being 12 years old when he was charged by complaint filed in the trial court with two counts of rape in violation of R.C. 2907.02(A)(1). Appellant was also charged several months later with one count of gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(4). The charges were the result of events that took place at a relative's residence in Carlisle, Ohio on June 4, 2000. That evening, appellant, a nine-year-old girl named Miranda, and a five-year-old boy ("the victim") were together in a bedroom watching television. As he was catching Miranda who was falling toward the edge of the bed, appellant touched Miranda's breast. Miranda left the bedroom to tell her grandmother, leaving appellant and the victim alone in the bedroom. Thereafter, appellant performed fellatio on the victim and had the victim perform fellatio on him.
 {¶ 3} In January 2001, an adjudicatory hearing was held in the trial court before a magistrate. After the magistrate qualified the victim as competent to testify, appellant tried to enter an Alford-type plea pursuant to a plea agreement with the state. Specifically, in exchange for appellant's plea, the state had offered to dismiss one charge of rape, reduce the other charge of rape to one of GSI, and reduce the GSI charge to one of attempted sexual imposition.
 {¶ 4} Before considering the plea, the magistrate asked appellant to tell him what had happened with the victim. Appellant merely stated that he, Miranda, and the victim were watching a movie when Miranda just got up and left the room, that upon watching part of the movie, he and the victim played ball in the backyard for a couple of hours, and that he eventually went back in the house where he fell asleep until he went back home around midnight. The magistrate noted that appellant's statements lacked any colorable facts which could constitute an allegation of a sexual offense. Defense counsel confirmed that appellant had maintained throughout the proceedings that he had not engaged in any illegal sexual conduct but that the plea bargain was considered to be in his best interest because of the seriousness of the rape charges. The magistrate then rejected appellant's Alford-type plea as follows: "[I]t is my belief that [appellant] has to assert some facts which undergrade [sic] a sexual offense, and as I understand what he has told me this afternoon during the taking of a plea, he frankly set forth nothing that could constitute a sexual offense, regardless of the degree of severity."
By decision filed January 26, 2001, the magistrate adjudicated appellant a delinquent child on both rape charges and dismissed the GSI charge. Appellant filed objections to the magistrate's decision. By entry filed April 27, 2001, the trial court overruled appellant's objections and upheld the magistrate's decision to reject appellant'sAlford-type plea. The trial court found that under Juv.R. 29(C) and (D), a child was "require[d] * * * to admit to a factual basis constituting an offense in order for the admission to be acceptable." The trial court then upheld appellant's adjudication as a delinquent child.
 {¶ 5} Because Clinton County was appellant's county of residence, the case was then transferred under Juv.R. 11 to the Clinton County Court of Common Pleas, Juvenile Division, for disposition. By entry filed February 25, 2002, the Clinton County Juvenile Court ordered that appellant be committed to the custody of the Department of Youth Services for a minimum of one year on both rape charges to be served concurrently, but suspended both sentences. The juvenile court also ordered that appellant be placed on intensive probation, complete a mental health assessment, and undergo counseling, including sexual offender counseling. This appeal follows.
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erred by refusing to accept his "Alford-type plea/admission." Appellant contends that because a juvenile's admission under Juv.R. 29 is analogous to an adult's guilty plea under Crim.R. 11(C)(2), and because an adult may enter an Alford plea, as long as a juvenile's plea/admission is made voluntarily, knowingly, and intelligently, a juvenile court should accept the plea/admission regardless of whether the juvenile admits his participation in any acts constituting the alleged delinquency.
 {¶ 7} A reviewing court will not reverse the judgment of a juvenile court absent an abuse of discretion. In re Williams H. (1995),105 Ohio App.3d 761, 767. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Id. at 767-768.
 {¶ 8} In the case at bar, appellant attempted to enter anAlford-type plea to reduced charges. An Alford plea results when a defendant pleads guilty and consents to imposition of a sentence even though maintaining innocence of the crime charged. North Carolina v.Alford (1970), 400 U.S. 25, 37, 91 S.Ct. 160. Because it allows a defendant to enter a guilty plea yet maintain his innocence, an Alford
plea is considered a qualified guilty plea. Id. Such a plea requires a knowing and intelligent conclusion by the defendant that his best interest requires entry of a guilty plea and court records indicate "strong evidence of actual guilt." Id. We have not found, and the parties have not cited any cases addressing whether an Alford-type plea by a juvenile defendant is permissible in an Ohio juvenile court.
 {¶ 9} Appellant asserts that an Alford-type plea would be appropriate in a juvenile court because a juvenile's admission under Juv.R. 29 is analogous to an adult's guilty plea under Crim.R. 11(C)(2). Juvenile Rule 29(C) provides that the juvenile court "shall request each party against whom allegations are made in the complaint to admit or deny the allegations. A failure or refusal to admit the allegations shall be deemed a denial." If a party admits the allegations, the hearing then proceeds under Juv.R. 29(D). If, however, the allegations are denied, the hearing proceeds under Juv.R. 29(E).
 {¶ 10} While an admission in a delinquency case may be similar to a guilty plea entered by an adult in a criminal case in that they both involve a waiver of the defendant's right to confront or challenge witnesses, and in that, before accepting an admission or a guilty plea, the trial court must personally address the defendant to make sure the defendant is making the admission or plea voluntarily with understanding of the nature of the allegations or charges and the consequences of the admission or plea, the analogy stops here. A plea of guilty is a complete admission of a defendant's guilt. Crim.R. 11(B)(1). In a delinquency case, a juvenile's plea is an admission or denial of the facts contained in the complaint. State v. Penrod (1989), 62 Ohio App.3d 720, 723. An admission results in a waiver of the juvenile's right to challenge the evidence against him. Juv.R. 29(D)(2). There is no comparable provision in Crim.R. 11. In addition, there is no provision in Juv.R. 29 that an admission is a complete admission of the defendant's guilt which would require no further production of evidence as is provided in Crim.R. 11. Despite an admission of the allegations of the complaint, the juvenile court may hear testimony or make further inquiry. Juv.R. 29(D); see, also, In re Green (1982), 4 Ohio App.3d 196. We therefore find that appellant's analogy between Juv.R. 29 and Crim.R. 11 in favor of anAlford-type plea in juvenile courts is faulty.
 {¶ 11} Our research on the issue indicates that at least one jurisdiction, the state of Washington, seems to allow Alford-type pleas by juveniles in juvenile courts. However, to date, neither the Ohio Supreme Court nor the Ohio General Assembly has adopted a rule or a statutory provision allowing such a plea in juvenile courts. We note that at the time of appellant's adjudication, Juv.R. 29(C) only allowed admissions or denials. No other pleas were allowed. By contrast, Crim.R. 11 allowed guilty pleas, not guilty pleas, not guilty by reason of insanity pleas, and no contest pleas. In July 2001, however, the supreme court amended Juv.R. 29(C) to allow no contest pleas in juvenile courts with the consent of the juvenile court. While such pleas were expressly added to Juv.R. 29(C), such was not the case for Alford pleas or not guilty by reason of insanity pleas. It is not this court's role or place to include in a rule written and enacted by the supreme court what the supreme court has failed to include whether by oversight or design. If anAlford-type plea is to be allowed in Ohio juvenile courts, it should be the supreme court that should make it so.
 {¶ 12} We now turn to the plain language of Juv.R. 29(C) to determine whether the trial court properly rejected appellant's "admission." As previously noted, Juv.R. 29(C) requires each party to admit or deny the allegations in the complaint. Failure or refusal to admit the allegations constitutes a denial. An admission is a "confession, concession or voluntary acknowledgment made by a party of the existence of certain facts." Black's Law Dictionary (6th Ed. 1990) 47. An admission must demonstrate that the child is in fact delinquent. Giannelli and Yeomans, Ohio Juvenile Law (2002 Ed.) 250, Section 22:9, fn. 1. It follows, as the trial court properly found, that for an admission to be acceptable under Juv.R. 29(C), a child is required to admit to a factual basis constituting an offense.
 {¶ 13} In the case at bar, the complaint alleged that appellant engaged in sexual conduct, rape, with another person under the age of 13. At the adjudication hearing, appellant merely stated that he was watching a movie with the victim, that they then played in the backyard, and that he eventually went back in the house where he fell asleep. Appellant clearly did not admit the allegations in the complaint, nor did he admit to any factual basis supporting the offense charged in the complaint. As the magistrate aptly noted, "[appellant] set forth nothing that could constitute a sexual offense, regardless of the severity." Appellant's failure to admit the allegations described in the complaint was therefore a denial under Juv.R. 29(C).
 {¶ 14} In light of the foregoing, and upon reviewing the record, we find that the trial court did not abuse its discretion by refusing to accept appellant's "admission/plea" and by adjudicating him a delinquent child for the rape of a child under the age of 13. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.