OPINION
{¶ 1} Appellant Richard D. Stringer appeals from the decision of the Tuscarawas County Court of Common Pleas, Juvenile Division, finding him to be a delinquent child. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 15, 2001, Veda Jones of Uhrichsville, Ohio, entered her home and noticed some clothing items in disarray. Upon further inspection, she discovered her gun cabinet had been forcibly opened. A Ruger handgun and a Smith Wesson handgun were missing, as were a Playstation computer game and several compact discs. Several months later, Uhrichsville police found the missing Ruger in an area creek. Police investigation led to Jason Ross, an acquaintance of appellant, as having purchased the Ruger from appellant. On August 8, 2002, Appellee State of Ohio filed a juvenile complaint alleging appellant was delinquent by reason of receiving stolen property, specifically Jones' 480 Ruger handgun. Appellant entered a denial, and the matter was set for an adjudication to the court. Following said evidentiary hearing on September 13, 2002, the court found appellant had possessed a stolen firearm, as per the complaint, beyond a reasonable doubt. The matter proceeded to disposition. The court heard from counsel, the victim, and appellant's probation officer. Appellant and his mother indicated they had nothing to say as to the issue of disposition. The court thereafter ordered appellant to a minimum commitment of six months at the Department of Youth Services ("DYS").
 {¶ 3} Appellant timely appealed and herein raises the following three Assignments of Error:
 {¶ 4} "I. The state of Ohio failed to prove beyond a reasonable doubt that appellant committed the offense of receiving stolen property contrary to revised code section 2913.51.
 {¶ 5} "II. Adjudication of the appellant delinquent for knowingly possessing was against the manifest weight of the evidence.
 {¶ 6} "III. The trial court's order of disposition was an abuse of discretion."
 I. {¶ 7} In his First Assignment of Error, appellant contends the finding of receiving stolen property was not supported by sufficient evidence. We disagree.
 {¶ 8} Our standard of review for sufficiency is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, 273. The state must prove its case against a juvenile beyond a reasonable doubt. In re Winship (1970),397 U.S. 358.
 {¶ 9} R.C. 2913.51(A) reads as follows: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." The record reveals Veda Jones had no personal knowledge of who perpetrated the break-in of her home. Uhrichsville Police Officer McCray testified that the creek where the Ruger was located was about one block from Ross' residence; McCray also stated that two searches of appellant's residence turned up no evidence. Nonetheless, Ross, who testified he has known appellant "pretty much all [his] life," (Tr. at 20), recalled that appellant approached him concerning selling a gun on October 15, 2001, while Ross was fixing a car stereo at home. Tr. at 20. Ross continued as follows:
 {¶ 10} "Q. Okay, and during the course of the discussion did Ricky ever ask you if you wanted to buy a gun?
 {¶ 11} "A. Yeah.
 {¶ 12} "Q. Okay, um, what did, did he have the gun with him?
 {¶ 13} "A. No.
 {¶ 14} "Q. Okay, did you ask him anything about the gun?
 {¶ 15} "A. No.
 {¶ 16} "Q. Did you, do you recall telling Officer McCray you asked him whether it was hot?
 {¶ 17} "ATTORNEY FRED BOHSE: Object, leading.
 {¶ 18} "A. Yeah.
 {¶ 19} "COURT: Overruled.
 {¶ 20} "Q. Um, do you recall now asking Ricky whether it was hot?
 {¶ 21} "A. Yeah.
 {¶ 22} "Q. Do you remember what his response was?
 {¶ 23} "A. It was.
 {¶ 24} "Q. And did he say where it came from?
 {¶ 25} "A. No.
 {¶ 26} "Q. Okay, um, did you guys agree on a, did you decide to buy it then?
 {¶ 27} "A. Yes.
 {¶ 28} "Q. And did you guys agree on a price?
 {¶ 29} "A. Yeah.
 {¶ 30} "Q. And how much was that, do you know?
 {¶ 31} "A. Fifty dollars.
 {¶ 32} "Q. Okay, did you guys meet up later for the exchange?
 {¶ 33} "A. Later that evening.
 {¶ 34} "Q. Okay, where would that, where was that at?
 {¶ 35} "A. The same place.
 {¶ 36} "Q. Your house in Uhrichsville?
 {¶ 37} "A. Yeah.
 {¶ 38} "Q. Okay, did at that point Ricky produce the gun?
 {¶ 39} "A. Yes.
 {¶ 40} "Q. Do you remember what kind of gun it was?
 {¶ 41} "A. A 480 Ruger.
 {¶ 42} "Q. Okay, this was the gun he indicated was, was hot?
 {¶ 43} "A. Yes.
 {¶ 44} "Q. And what do you understand hot to mean?
 {¶ 45} "A. Stolen.
 {¶ 46} "Q. Okay, and um, at that point did you give him the money?
 {¶ 47} "A. Yes.
 {¶ 48} "Q. And he gave you the gun?
 {¶ 49} "A. Yes." Tr. at 21-23.
 {¶ 50} Ross additionally stated he obtained information that his brother, Joshua Ross, had later thrown the Ruger in a creek. Tr. at 24.
 {¶ 51} Upon review of the record and transcript in a light most favorable to the prosecution, we find that a reasonable finder of fact could find the elements of receiving stolen property beyond a reasonable doubt.
 {¶ 52} Appellant's First Assignment of Error is overruled.
 II. {¶ 53} In his Second Assignment of Error, appellant argues that his adjudication was against the manifest weight of the evidence. We disagree.
 {¶ 54} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine, "whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v. Thompkins
(1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 55} At trial, appellant took the stand in his defense. He denied any involvement with the Ruger, and stated he had never even seen such a weapon. He denied ever selling anything to Ross. Appellant also emphasizes that no fingerprints were found on the gun. However, as we have often reiterated, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v.DeHass (1967), 10 Ohio St.2d 230. Upon review, we are unpersuaded the finder of fact effectively lost her way under the circumstances of this case. The court's adjudication was not against the manifest weight of the evidence.
 {¶ 56} Appellant's Second Assignment of Error is overruled.
 III. {¶ 57} In his Third Assignment of Error, appellant argues that the disposition of six months at DYS was an abuse of discretion. We disagree.
 {¶ 58} "Ohio has long recognized that juvenile proceedings are not criminal in nature and the juvenile system must focus on the child's welfare." State v. Penrod (1989), 62 Ohio App.3d 720, 722, 577 N.E.2d 424. Nonetheless, the order of disposition in a juvenile case is a matter within the court's discretion. State v. Reinier (June 1, 1999), Stark App. No. 1998CA00298.
 {¶ 59} R.C. 2152.16 reads in pertinent part as follows:
 {¶ 60} "(A)(1) If a child is adjudicated a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court may commit the child to the legal custody of the department of youth services for secure confinement as follows:
* * *
 {¶ 61} "(e) For committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult or for a violation of division (A) of section 2923.211 of the Revised Code, for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age."
 {¶ 62} Appellant indicates he has had no prior adjudications of delinquency, although he was found unruly on a previous occasion, and that the offense in the case sub judice was a property crime and did not involve victimization of a child or elderly person.[1] See R.C. 2151.355(E)(1). However, upon review, we do not find an abuse of discretion in the trial court's disposition under the facts and circumstances of this case.
 {¶ 63} Appellant's Third Assignment of Error is overruled.
 {¶ 64} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is hereby affirmed.
Judgment affirmed.
Hoffman, P.J., and Edwards, J., concur.
Topic: Delinquency adjudication.
[1] Appellant also argues that he has shown remorse, but we find nothing in the record at the time of disposition to either support or contradict this assertion, other than his trial testimony, in which he denied the offense.