OPINION
{¶ 1} Appellant, Jonathan Morgan, appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, accepting his plea and committing him to the Department of Youth Services ("DYS"). We affirm the decision of the juvenile court.
 {¶ 2} On May 3, 2002, a complaint was filed in the Clark County Juvenile Court alleging that appellant committed an offense that would constitute an aggravated robbery with a gun specification if committed by an adult. The complaint alleged that appellant displayed, brandished, indicated that he possesses a firearm, or used a firearm to facilitate the offense. The complaint also identified the firearm as "UNK. silver semi-auto handgun." On May 7, 2002, another complaint was filed alleging that appellant committed an offense that if committed by an adult would constitute an aggravated robbery in violation of R.C. 2911.01(A)(1). Appellant was also charged with receiving stolen property, resisting arrest, and criminal trespass.
 {¶ 3} Appellant appeared before the Clark County Juvenile Court for adjudication on June 4, 2002. He entered pleas of "true" to the two aggravated robbery charges and to the gun specification. In exchange for appellant's admissions, the remaining charges were withdrawn and the state agreed not to prosecute appellant as an adult. Appellant was found to be a delinquent child on two counts of aggravated robbery.
 {¶ 4} Appellant's case was then transferred to the Butler County Juvenile Court because appellant resides in Butler County. He appeared before the Butler County Juvenile Court for disposition on July 26, 2002. During the dispositional hearing the court inquired as to the type of firearm appellant used. He informed the court that it was a pellet gun.
 {¶ 5} Appellant was committed to DYS for a minimum of one year, up to his 21st birthday on each count and one year on the gun specification. The court further ordered that the commitments were to run consecutively. Appellant appeals the decision raising two assignments of error.
Assignment of Error No. 1
 {¶ 6} "The trial court erred to the prejudice of appellant Jonathan Morgan by accepting his admission to an aggravated robbery charge that included a gun specification, that was not knowingly and voluntarily made."
 {¶ 7} Appellant argues that the trial court failed to advise him of the consequences of his admission as required by Juv.R. 29. Specifically, appellant argues that the trial court failed to inform him "of any of the consequences with regard to the gun specification."
 {¶ 8} When reviewing an alleged Juv.R. 29 error, "a juvenile court will not be reversed so long as it substantially complies with the requirements of Juv.R. 29." In re Beechler (1996), 115 Ohio App.3d 567,572. Juv.R. 29 outlines certain requirements the court must comply with at a juvenile hearing such as this. Juv.R. 29(D) states in relevant part:
 {¶ 9} "(D) [t]he court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 {¶ 10} "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 {¶ 11} "(2) The party understands that by entering an admission the party is waiving the right to challenge witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."
 {¶ 12} It is apparent from the record that the court complied with Juv.R. 29(D) in determining that appellant entered his admission voluntarily, intelligently, and knowingly. The court read the complaint to appellant, informing him of the specific facts of the complaint, and the identity and degree of the offense. Prior to accepting appellant's admission, the court advised him that "you don't have to admit to anything today; do you understand that?" The court stated, "you have the right to a trial on the issue of whether you did or did not commit these offenses; do you understand that?" The court told appellant, "you won't have to admit your guilt; you wouldn't have to testify if you don't want to." The court advised him that "if the state of Ohio can't prove your guilt beyond a reasonable doubt, the case against you would be dismissed; do you understand that?" The court also informed appellant that if he admitted the offense, then "we won't have a trial; do you understand what the means?" As the court explained each of these rights, appellant indicated that he understood.
 {¶ 13} Further, the court advised appellant of his eligibility for a commitment to the DYS for a minimum period of six months, and a maximum period up to his 21st birthday. The trial court stated, "your commitment to the Ohio Department of Youth Services could be for years, do you understand that?" The trial court stated, it "could be for a minimum term of a year on each offense, with a potential of more time on a gun spec; do you understand?" The trial court stated, "[c]onceivably, you could be at DYS until you're 21 years of age because of something you're proposing to do today, admitting to this offense. I don't threaten you with that. I don't know that would happen, but it's a possibility, John; do you understand that?" As the court explained each of these rights, appellant indicated that he understood. The trial court reiterated, "[s]o your period at DYS could potentially be for many years. Knowing that, you still want to admit to the offense today?" Appellant responded, "Yes, sir." The trial court questioned, "[w]hy are you making this decision today?" Appellant answered, "[b]ecause I know I'm guilty."
 {¶ 14} The record clearly demonstrates that the court complied with Juv.R. 29 by personally engaging in a discussion with appellant to make sure he understood the nature of the charge against him, the consequences of making an admission, and the potential penalty. Appellant's admission was voluntarily given with an understanding of the nature of the allegations and the consequences of the admission. Consequently, the first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 15} "The trial court erred to the prejudice of appellant Jonathan Morgan by imposing a one year commitment to DYS on a gun specification."
 {¶ 16} Appellant argues that the imposition of a commitment to DYS on a gun specification is unwarranted when the weapon forming the basis of the gun specification is a pellet gun. Appellant maintains that neither the complaint nor the record below contain any indication that appellant made any statements regarding the gun's operability or any statements regarding his intent to use the gun. Appellant argues that "absent any showing by the state that the appellant possessed an operable firearm as defined in R.C. 2923.11, appellant's commitment to DYS with regard to the gun specification is unsustainable and must be reversed."
 {¶ 17} However, a juvenile's plea is an admission or denial of the facts contained in the complaint. See State v. Penrod (1989),62 Ohio App.3d 720, 723. An admission is not a guilty plea but "a waiver of rights to challenge the allegations." Id. Appellant admitted that he committed the acts constituting the crime when he entered his plea of true. Furthermore, appellant neither objected to the complaint nor challenged its factual allegations before he admitted to the alleged facts.
 {¶ 18} Appellant's plea was voluntarily, intelligently, and knowingly given and the juvenile court accepted his plea. Therefore, appellant's admission results in a waiver of his right to challenge the evidence against him and the allegations in the complaint. Consequently, the juvenile court properly ordered appellant to serve a one-year consecutive term at DYS for the gun specification. The second assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.