[Cite as *In re B.T.*, 2025-Ohio-4545.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: B.T.

C.A. No.     31311

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DL 24 01 0046

DECISION AND JOURNAL ENTRY

Dated: September 30, 2025

STEVENSON, Judge.

{¶1}   Appellant B.T. appeals the disposition of the Summit County Court of Common Pleas, Juvenile Division, that adopted a magistrate's decision over his objection and ordered him to pay restitution in the amount of $1,000. This Court affirms.

I.

{¶2}   A complaint was filed alleging B.T. is a delinquent child by reason of committing acts on or about June 19, 2023, that would constitute vandalism in violation of R.C. 2909.05(B)(1), a felony of the fourth degree if committed by an adult.  B.T. denied the allegation.

{¶3}   The State later amended the complaint to allege that B.T. is a delinquent child by reason of committing acts that would constitute criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree if committed by an adult.  The State did not amend the date of the offense.  A juvenile court magistrate explained the amended complaint to B.T. as follows:

THE COURT: . . . we had a complaint for an incident back on June 19th of 2023. There was some property - - some damage committed to some property . . . .

It was alleging charge in the complaint for vandalism, a felony of the fourth degree. The Prosecutor has agreed to amend the complaint to one of criminal damaging in violation of Section 2909.06 of the Ohio Revised Code, a complaint for criminal damage, a misdemeanor of the second degree.

I understand you wish to admit to that amended complaint; is that correct?

[B.T.]:        Yes.

The juvenile court accepted B.T.'s admission and adjudicated B.T. a delinquent child by reason of committing acts that would constitute criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree if committed by an adult. The juvenile court ordered B.T. to pay restitution.

{¶4}    The matter proceeded to a restitution hearing before a magistrate. Based on the testimony and evidence presented at the hearing, the magistrate issued a decision ordering B.T. to pay restitution to the construction company victim in the amount of $1000. The juvenile court adopted the magistrate's decision the same day that it was journalized. B.T. objected to the magistrate's decision and the State responded in opposition.

{¶5}    The juvenile court overruled B.T.'s objections and adopted the magistrate's decision ordering B.T. to pay restitution in the amount of $1,000. B.T. appeals, asserting one assignment of error for this Court's review.

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN ORDERING RESTITUTION BECAUSE THE STATE PRESENTED NO EVIDENCE THAT B.T.'S CONDUCT CAUSED THE VICTIM ANY ECONOMIC LOSS.**

{¶6} B.T. maintains in his sole assignment of error that the juvenile court erred in ordering restitution. We disagree.

{¶7} The juvenile court overruled B.T.'s objections and adopted the magistrate's order of restitution in the amount of $1,000. In reviewing and ruling on B.T.'s objections, the juvenile court conducted an independent review of the record pursuant to Juv.R. 40(D)(4)(d). "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 2009-Ohio-3788, ¶ 5 (9th Dist.). However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.). A court of appeals also "reviews a trial court's award of restitution in a misdemeanor case for an abuse of discretion." *State v. Guthrie*, 2020-Ohio-501, ¶ 15 (1st Dist.); *see also State v. Presutto-Saghafi*, 2019-Ohio-5373, ¶ 6 (9th Dist.).

{¶8} An abuse of discretion is something more than an error of law or in the exercise of judgment; "it implies that the court's *attitude* is unreasonable, arbitrary or unconscionable." (Emphasis added.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} Although *Blakemore* is often cited as the general standard for reviewing discretionary decisions, the Ohio Supreme Court has provided additional guidance about the nature of an abuse of discretion:

> Stated differently, an abuse of discretion involves more than a difference in opinion: the "'term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.'" *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384 (1959). For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason

that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *Id.*, quoting *Spalding* at 384-385.

*State v. Weaver*, 2022-Ohio-4371, ¶ 24.

{¶10} R.C. 2152.20(A)(3) provides, in pertinent part, that if a child is adjudicated a delinquent child, the juvenile court may "require the child to make restitution to the victim of the child's delinquent act . . . in an amount based upon the victim's economic loss caused by or related to the delinquent act[.]" "Economic loss" is defined as "any economic detriment suffered by a victim of a delinquent act . . . as a direct and proximate result of the delinquent act[.]" R.C. 2152.02(K)

{¶11} B.T. has acknowledged that he "threw a couple rocks" and broke "a couple" of the victim's truck windows. He contends that the juvenile court's restitution order is erroneous because the evidence presented by the State was that the victim sustained an economic loss the weekend of June 17, 2023. B.T. asserts that the damage he caused occurred at the end of April or beginning of May, 2023 because after he admitted to the charge he stated that this was the time frame of his conduct. It is B.T.'s position that an order of restitution could not be made as there is no evidence connecting him to the victim's damage.

{¶12} The State asserts that B.T. admitted to throwing rocks and breaking "a couple" of "truck windows" and that, accordingly, the juvenile court did not abuse its discretion when it ordered B.T. to pay for two truck windows. It maintains that it never amended the date of the offense from June 19, 2023, and that the victim testified it sustained over $25,000 in damage during the charged time period. The State argues that it presented the trial court with evidence that the victim sustained over $25,000 in damage and that the trial court did not abuse its discretion when

it entered a restitution order in the amount of $1,000, an amount that represents the least expensive replacement cost for two truck windows.

{¶13} B.T. entered an admission to the amended charge of criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree if committed by an adult. He stated during his admission hearing that he broke the windows sometime in April or May of 2023. Accordingly, he now claims he cannot be required to pay restitution for events in June of 2023. However, the State never amended the date of the offense that allegedly occurred on or about June 19, 2023. B.T.'s plea of admission constitutes a waiver of his rights to challenge the allegations in the complaint. *State v. Penrod*, 62 Ohio App.3d 720, 723 (9th Dist. 1989). The juvenile court accepted B.T.'s admission, adjudicated him a delinquent child pursuant to Juv.R. 29(F)(2), and ordered restitution in an amount to be later determined at a restitution hearing. We cannot say the trial court abused its discretion in this case by ordering B.T. to pay restitution for damage that occurred on the date of the complaint.

{¶14} The victim's office manager and the individual who runs the victim-company testified at the restitution hearing. The office manager testified to the damage he observed to company property on Monday, June 19, 2023. He testified that eight trucks sustained glass damage and that only one of the trucks was insured with a $1,000 deductible. The office manager testified to the State's exhibits, including a $9,821 invoice for window replacements made to eight damaged trucks and a $25,806.28 invoice for window replacement on the victim's damaged heavy equipment. The office manager paid both invoices. He also testified to State exhibits that included pictures of broken vehicle windows. The office manager testified that he took the pictures and that certain exhibits show broken vehicle windows as well as rocks and concrete boulders that

appeared to be used to break the windows. The individual who runs the victim-company also testified to the victim's property damage.

{¶15}  B.T. admitted to the juvenile court that he "threw a couple rocks" and that he broke "a couple of . . . truck windows" at the victim's property.  Based on the testimony and evidence presented, the juvenile court awarded restitution in an amount that is less than the cost the victim incurred to replace two truck windows.  *See In re: D.P.*, 2025-Ohio-95, ¶ 17 (9th Dist.) (juvenile court's order of restitution affirmed on appeal where the court's "restitution order bore a reasonable relationship with the loss suffered by [the victim.").  We cannot conclude that the trial court abused its discretion when it overruled B.T.'s objections and adopted the magistrate's decision ordering restitution in the amount of $1,000. B.T.'s assignment of error is overruled.

III.

{¶16}  B.T.'s assignment of error is overruled.  The restitution order of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the

docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
CONCURS.

SUTTON, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JOSEPH SHELL, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.